## Kliffield, Appellant, *v.* The State.

A count in an indictment on the statute, against retailing spirituous liquors, charging
    that the defendant did unlawfully sell and retail vinous and spirituous liquors, to
    wit: wine, rum, gin, brandy, and whiskey, in a less quantity than one gallon, to
    persons, to the jurors unknown, and that, the said defendant did then and there suf-
    fer and permit the said vinous and spirituous liquors so retailed and sold in less
    quantities than one gallon, as aforesaid, to be drank and used in and about the house
    of him, the said C., contrary to the form of the statute, &c., was held to be good.
A count charging that the defendant, as a tavern and inn keeper, did unlawfully, gra-
    tuitously, and without special charge therefor, offer, give and deliver, vinous and
    spirituous liquors, &c., in less quantity than one gallon to divers persons, to the ju-
    rors unknown, which said persons were then and there the guests of the said C.
    contrary, &c., was held good.
A general charge of violating a penal statute, is not sufficiently certain to warrant a
    conviction.
It is the well settled law, that a hypothetical opinion given by the court to the jury, is
    not error.
No one can excuse himself from the operation of a penal statute, by showing that he
    acted as the agent of another person.

APPEAL from the circuit court of the county of Jefferson.

Saunders for appellant.

Attorney General, *contra.*

Mr. Justice TURNER delivered the opinion of the court, which
sufficiently states the case.

The appellant was indicted, tried and convicted under the statute
commonly called the gallon law, and received the sentence of the
court at December term, 1839.

The appellant assigns three errors, to wit:

1. The criminal court erred in refusing a new trial, as prayed
for.

2. The criminal court erred in the instructions given, on motion
of the attorney of the state.

3. The indictment is wholly defective in substance, and the judgment in the cause unlawful and defective.

We will notice the last error first.

There are three several counts in the indictment. The first count charges that the defendant below, by the name of George H. Cliffield, yeoman, did unlawfully sell and retail vinous and spirituous liquors, to wit, wine, rum, gin, brandy and whiskey, in a less quantity than one gallon, to persons to the jurors unknown, and that the said defendant did then and there suffer and permit the said vinous and spirituous liquors, so retailed and sold in less quantity than one gallon, as aforesaid, to be drank and used in and about the house of him, the said Cliffield, contrary to the form of the statute, &c.

The 2d count charges that George H. Cliffield, tavern-keeper and inn-keeper, did "unlawfully, gratuitously, and without special charge therefor, offer, give and deliver vinous and spirituous liquors, viz: wine, gin, rum, brandy and whiskey, in less quantity than one gallon, to divers persons to the jurors aforesaid unknown, which said persons were then and there the guests of the said George H. Cliffield, contrary, &c."

The 3d count charges "that George H. Cliffield, tavern-keeper and inn-keeper, &c. did then and there by evasion, subterfuge and chicanery, violate the plain intent and meaning of an act and law of the state of Mississippi, bearing date, &c. entitled 'an act for the suppression of tippling houses, and to discourage and prevent the odious vice of drunkenness,' contrary, &c."

The defendant below being arrested and brought into court, plead "not guilty," and for trial put himself upon his country.

In some parts of the indictment, the appellant is described as George H. Cliffield, "yeoman," in others, as "tavern-keeper and inn-keeper," and in some parts of the record his name is spelt "Cliffield," in others "Kliffield," and it is contended that these variations amount to errors, fatal to the recovery had or sought by the state. In answer to this, it is sufficient to state that on "not guilty" pleaded there was a conviction on the merits, and no question raised on the record, as to the identity of the person of the defendant.

The first and second counts in the indictment are unquestionably

26*

[Kliffield, Appellant, *v.* The State.]

good.   The third count is too general, and cannot be considered as charging the accused with lawful certainty.   To indict a person for violating the whole of any particular statute, without specifications, is not sufficient to call for a conviction.   But the rule is, after a verdict of "guilty" on an indictment containing several counts, if there is one good count, it is sufficient to sustain the conviction.

The next error assigned, in the order proper to be followed, i the second, viz: the supposed error of the court below, in its charge to the jury.

After the evidence both on the part of the state, and of the accused had been closed, the district attorney on the part of the state, requested the court to give the following instructions to the jury, to wit:

1. The court will instruct the jury that if, from the testimony, they believe that Cliffield sold vinous or spirituous liquors in a less quantity than one gallon, as the agent of Noe, they will find him guilty.

2. If they believe the defendant permitted vinous liquors to be drank in the house, of which the defendant was not the owner, but the bar-keeper, they will find him guilty.

3. If they believe from the testimony, that the defendant delivered 80 drinks by the drink, it is immaterial whether there was more or less than a gallon in the aggregate; the defendant is equally guilty.

4. That there can be no clerks, bar-keepers or agencies in crime, and that the agent is as guilty as the principal.

5. If the defendant is guilty on one count of the indictment, it is sufficient to convict.

All of which instructions the court gave to the jury, in the words as stated above.

The above charges may be considered, in some measure, as hypothetical, as it is not stated in the record, what evidence was before the jury; for instance, in the 1st charge, we see for the first time, the term *agency*, and the name of *Noe* introduced.   It is the well settled law, that a hypothetical opinion given by a court to a jury, is not error: but, so far as the charge may be considered as having any bearing upon the case, it is not in violation of the

[Kliffield, Appellant, *v.* The State.]

rules of law.   No one can excuse himself in criminal cases, by showing that he acted in the matter as the agent of another person.

The second and remaining charges have relation to the same matter of agency, and as these charges were all in writing and given together, at the same time, they may be considered as having reference to the case before the court, and are substantially correct.   As to the last charge, I have already stated, that if there is one good count in the indictment, it is sufficient to warrant a conviction.

The 1st error assigned, is that the court below erred in not granting a new trial, which was moved for, for the following reasons, to wit: 1st. Because the court misdirected the jury, and because the jury impannelled, and that tried this case, were not impartial jurors.

We have already expressed our opinion on the first ground of the motion for a new trial, and there is no evidence before us of any want of impartiality in the jurors who tried the cause.   We are therefore of opinion that the judgment of the court below be affirmed.